

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRIAN STEPHEN KIRABIRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0082 |
| | § | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

On April 16, 2008, petitioner filed with this Court a "Motion to File Successive Writ of Habeas Corpus Petition" wherein he requested permission to file a second petition for a writ of habeas corpus under 28 U.S.C. § 2241. The undersigned determined such permission was not required with regard to petitions brought under 28 U.S.C. § 2241, denied petitioner's motion, and construed petitioner's motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. By his habeas application, petitioner alleges continuing wrongful detention by ICE and that he suffered medical decline due to his detention. Petitioner seeks release on supervision to be reunited with his family and to obtain proper medical care.

On May 30, 2008, petitioner filed a "Petition for Writ of Habeas Corpus Pursuant to § 2241 and Complaint for Declaratory and Injunctive Relief" with the United States District Court for the Northern District of Texas, Dallas Division. *See Kirabira v. Mukasey, et al.*, 3:08-CV-

0921-M (N.D. Tex. May 30, 2008). In that application, petitioner also alleges continuing wrongful detention by ICE and medical decline due to his detention. Again, petitioner seeks release on supervision.

On June 16, 2008, the undersigned, without knowledge of Case No. 3:08-CV-0921-M, recommended to the United States District Judge that the petition pending in this Court be dismissed as premature. Petitioner did not file objections to the Report and Recommendation, nor did he advise the Court of his filing in the Dallas Division. On July 28, 2008, after the Report and Recommendation was not adopted after the objection period, this Court ordered petitioner to file an advisory concerning his continued detention. On August 4, 2008, petitioner filed his advisory. Again, petitioner did not advise this Court of his pending action in the Dallas Division wherein he raised the same claims and seeks the same relief as in this proceeding.

On August 20, 2008, respondents filed an answer to petitioner's habeas application in the Dallas proceeding. On October 6, 2008, still unaware of the nearly identical case pending in the Dallas Division, the undersigned entered an Order to Show Cause to respondent directing an answer in this case. On October 24, 2008, respondent filed a Motion to Consolidate this action into the Dallas action. On October 28, 2008, the Dallas Division entered its Findings, Conclusions and Recommendation, finding therein that petitioner has hindered and/or prevented his removal and, therefore, cannot complain about the delay in effecting his removal. It is the recommendation of the Dallas Division Magistrate Judge that petitioner's application for habeas relief be denied on the merits.

Petitioner's instant habeas application is duplicative of the petition filed and answered in 3:08-CV-0921. Both actions involve the same issues of law as well as the same operative facts,

and seek the same relief. Plaintiff cannot bring identical habeas corpus challenges seeking the same relief in two separate actions, creating a possibility of inconsistent findings or judgments on identical issues and wasting judicial resources. Petitioner's instant habeas corpus action is duplicative of the habeas corpus action pending in the Dallas Division wherein findings and conclusions have been entered. Consequently, it is the opinion of the undersigned that petitioner's application for a writ of habeas corpus should be dismissed.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner BRIAN STEPHEN KIRABIRA be, in all things, DISMISSED as duplicative. Petitioner is warned that he will be subject to sanctions if he continues to file duplicative pleadings. Such sanctions may include, but are not limited to, assessment of a monetary sanction and/or a bar to future litigation.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of October 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).